# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 20-00057-ODW (DFM) | Date: | January 16, 2020 |
|---|---|---|---|
| Title | Kevin B. Mam v. Stu Sherman | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    On December 19, 2019, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for first degree murder and an enhancement for personally discharging a firearm. See Dkt. 1 ("Petition") at 2, 23.

    Petitioner was convicted in August 2006 and sentenced in September 2005. See id. at 38-39. The California Court of Appeal originally affirmed in full but on rehearing remanded for the removal of a 10-year gang enhancement, but otherwise affirmed Petitioner's conviction in May 2008. See Petition at 44-45; see also Appellate Courts Case Information, 2nd Appellate District, http://www.appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (No. B194678). Petitioner petitioned the California Supreme Court for review; the California Supreme Court denied his petition on August 20, 2008. See Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (No. S164321).

    Over 7 years later, on October 20, 2015, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. See Appellate Courts Case Information, 2nd Appellate District, http://www.appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (No. B267642). The Court denied the writ and closed the case on October 27, 2015. See id.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. If a petitioner files a direct the highest state court but does not petition for writ of certiorari in the United States Supreme Court, the

conviction becomes final ninety days after the state court issues its decision. See <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, Petitioner's conviction became final no later than November 18, 2008, ninety days after California Supreme Court denied his petition for review. AEDPA's one-year limitations period commenced the next day, November 19, 2008 and expired on November 19, 2009. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until December 19, 2019. In the absence of any applicable tolling, it thus appears that the Petition is untimely by over ten years.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

As noted above, Petitioner did not file a petition for writ of habeas corpus until October 20, 2015. Petitioner is not entitled to any period of statutory tolling because he did not file his petition in state court until after the AEDPA limitations period expired. See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." <u>Forbess v. Franke</u>, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitations period expired. Petitioner is thus not currently entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action. **Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling. Plaintiff may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**