# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEVIN B. MAM,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Respondent. | Case No. CV 20-0057-ODW (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I. BACKGROUND

On January 3, 2020, Kevin B. Mam ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Because Petitioner's underlying conviction occurred in 2005, the Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. See Dkt. 4. Petitioner did not respond, and the Court now recommends that the Petition be summarily dismissed.

## II. ANALYSIS

### A. The Petition Is Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). The Court has "the authority to raise [AEDPA's] statute of limitations sua sponte and to dismiss the petition on those grounds" once it has given petitioner "adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner was convicted in 2005 of first-degree murder and sentenced to 60 years in state prison. See Petition at 2. In May 2008, Petitioner appealed and the California Court of Appeal removed a 10-year gang enhancement, which reduced Petitioner's sentence to 50 years but otherwise affirmed his conviction. See Petition at 44-45. Petitioner filed a petition for review with the California Supreme Court, which denied his petition on August 20, 2008. Petitioner's conviction therefore became final no later than November 18, 2008, ninety days after California Supreme Court denied his petition. It appears that AEDPA's one-year limitation period commenced the next day,

November 19, 2008, and expired on November 19, 2009. See 28 U.S.C. § 2244(d)(1).

Petitioner does not argue, and the record does not show, that he is entitled to a later trigger date. He does not argue that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). He does not assert any claim based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C). And Petitioner does not argue that he was unaware of the factual predicates of his claims. See id. § 2244(d)(1)(D). Petitioner's one-year limitation period accordingly expired in November 2009.

**B.    Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id.

Petitioner's limitation period commenced in November 2008. Petitioner's earliest state habeas corpus petition was filed on October 20, 2015, more than five years after the AEDPA limitation period expired.. See Appellate Courts Case Information, 2nd Appellate District, http://www.appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (No. B267642). The AEDPA limitation period expired long before he could have

qualified for any statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Petitioner is not entitled to any period of statutory tolling.

### C. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented his timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not provide any argument that he is entitled to equitable tolling and provides no indication explaining how he was pursuing his rights diligently despite the five-year delay. Thus, Petitioner is not entitled to any equitable tolling.

### III. CONCLUSION

The Petition is therefore summarily dismissed because it is untimely. Let judgment be entered dismissing this action with prejudice.

Date: March 10, 2020

_____
OTIS D. WRIGHT II
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge